IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          *
f/u/b/o of UNIVERSAL              *
CONTRACTORS, INC. <u>et al.</u>   *
                                  *
v.                                *   Civil Action No. WMN-14-3401
                                  *
COMMERCIAL INTERIORS, INC.        *
<u>et al.</u>                     *
                                  *
   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

**<u>MEMORANDUM AND ORDER</u>**

This case arises out of a construction contract between Plaintiff Universal Contractors, Inc. (Universal) and Defendant Commercial Interiors, Inc. (Commercial). Defendant Commercial was the general contractor on a project to build a convenience store on the federal military base at Fort Meade, Maryland. Defendant Hartford Fire Insurance Company was the surety for the project. Universal entered a subcontract, dated January 31, 2013, to do the excavation work on the project which included, inter alia: clearing and grubbing the site; grading, stripping and re-spreading topsoil; demolishing light poles; installing a temporary fence; and backfilling. Also included in Universal's subcontract was the responsibility for sediment control during construction and the construction of a permanent storm water management facility.

Universal began work on the site in April, 2013 and its work was scheduled to have been completed by the end of September 2013. For reasons not explained in the record, Universal's portion of the project was not completed on time and Universal continued to work on the project into November 2013. On November 20, 2013, work was suspended due to winter weather. When work was suspended, Universal's remaining tasks were primarily those related to sediment control and construction of the permanent storm water management facility. In its November 2013 Pay Application, Universal indicated that there was about $56,000 of work remaining to be done on the original subcontract, as modified by approved change orders. ECF No. 24-2.

Beginning in March of 2014, Commercial made repeated requests of Universal to return to the site and complete the remaining work. While there were back and forth emails and letters exchanged between the parties, Universal did not return to the site to finish the work.[1] On or about June 10, 2014, Commercial hired another subcontractor, Diversified Site Works, LLC (Diversified), to complete the work and ultimately paid Diversified $106,000.00 for its work on the project.

---

[1] Universal asserts that it did return briefly to the site in May of 2014 in an attempt to drain the retention pond. As support for that assertion, Universal supplies the affidavit of its estimator, John W. Meekins, ECF No. 27-1, and some attached timesheets, ECF No. 27-5.

On October 29, 2014, Universal filed this Miller Act[2] suit against Commercial and Hartford, seeking payment of $33,014.57, which it claims was due and owing for work under the January 31, 2013, subcontract. Commercial then filed a counterclaim, asserting that Universal breached the subcontract by refusing to return to the site and finish the work. Commercial seeks recovery of damages for that breach, including the amounts it paid to Diversified to finish the excavation and storm water management work.

Universal has now filed a motion for summary judgment seeking judgment in its favor in the amount of $32,408.83, which it claims was a "retainage" withheld under the subcontract. ECF No. 20 at 5. Universal also seeks summary judgment on Commercial's counterclaim, asserting that it did not breach the contract.[3] Instead, Universal contends that the scope of the subcontract was significantly changed in response to recommendations made by an engineer retained by the government,

---

[2] 40 U.S.C. §§ 3131 et seq.

[3] On July 23, 2015, the Parties filed a joint motion requesting an extension of the discovery deadline from August 6, 2015, to November 14, 2015, and the dispositive motions deadline from September 7, 2015, to December 7, 2015. ECF No. 18. The Court granted that motion on that same day. ECF No. 19. Somewhat inexplicably, despite that granting of that motion, the Parties proceeded to file their dispositive motions even before the un-extended deadline. Furthermore, under the new schedule requested by and granted to the Parties, a joint status report was to be submitted to the Court on November 14, 2015, but the Parties failed to submit that report.

Jim Farrell. These revisions related to sediment control and the storm water management facility. Universal maintains that it submitted a change order to Commercial incorporating the Farrell revisions but Commercial refused to approve that change order. Because Commercial never directed Universal to perform the extra work required by the Farrell changes, Universal asserts that it cannot be considered to have breached the contract. In making this argument, Universal relies on a decision from the District of Columbia Circuit Court, John W. Johnson, Inc. v. Basic Construction Co., which stands for the proposition that a subcontractor is excused from the performance of extra work under a contract where the prime contractor "order[s] extra work and at the same time [] refuse[s] to admit or recognize that it was extra work that was being ordered." 429 F.2d 764, 773 (D.C. Cir. 1970).

Commercial filed a cross motion for summary judgment asking the Court both to deny Universal's claim and to enter judgment in its favor in the amount of $32,605.71. As to the denial of Universal's motion, Commercial contends that, even should Universal be entitled to the "Retainage Held," the amount would be either $21,261.60 (citing a "Recap of Invoice Ft. Meade Express 5-21-14" produced by Universal in discovery, ECF No. 24-5) or possibly $22,433.52 (citing an Application and Certification for Payment which Universal submitted on November

11, 2013, with a retainage due in that amount, ECF No. 24-2).[4]
As to the merits of its cross motion, Commercial insists that
the Farrell recommendations were rejected and thus, no
additional work was required.  Thus, in Commercial's view,
Universal was in breach of the subcontract.

Summary judgment is proper if there are no issues of
material fact and the moving party is entitled to judgment as a
matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322
(1986).  When ruling on a motion for summary judgment, "[t]he
evidence of the non-movant is to be believed, and all
justifiable inferences are to be drawn in his favor."  Anderson
v. Liberty Lobby. Inc., 477 U.S. 242, 255 (1986).  When cross
motions for summary judgment are filed, the same standards of
review apply.  Bryant v. Better Bus. Bureau of Greater Maryland,
Inc., 923 F. Supp. 720, 729 (D. Md. 1996).  The Court must deny
both motions if questions of material fact exist.  Id.

Here, there are significant disputes of material fact that
prevent the Court from entering summary judgment for either
party.  As to whether Universal was in breach of the
subcontract, which is the central issue in Commercial's

---

[4] In its Reply, Universal concedes that the retainage under the contract was only $21,736.79, but, in explanation for its request for a judgment of $32,408.83, appears to suggest that the additional sum related to its supplemental work in May of 2014 when it attempted to drain the retention pond.  See ECF No. 27 at 5.

counterclaim, it appears that most of the Farrell revisions were neither adopted nor incorporated into the scope of the work and, thus, Commercial is correct that the scope of Universal's work was not changed in that regard. Nonetheless, the sequence of the work to be completed was changed and Universal maintains that this change in sequence added significant costs to its performance. See John Meekins Aff., ECF No. 27-1. In addition, Universal asserts that to demobilize and then remobilize after the winter delay increased its cost of performance and it is unclear from the record if the failure to complete the excavation work before the onset of winter weather was the fault of Universal or is to be attributed to some other cause. Finally, the significantly higher amount ultimately paid to Diversified to complete the unfinished work could support a finding that something significantly changed the scope of the work or the cost to complete the work.

On the other hand, the current record would not appear to support Universal's claim to entitlement to the entire retainage held under the subcontract, even assuming the Parties now agree that the correct amount of the retainage is $21,736.79. Whether its refusal to return to the job was justified or not, Universal did not complete the work it contracted to do and Commercial incurred significant costs to have Diversified do it in Universal's stead. Furthermore, despite its concession that the

retainage is significantly less than what was originally claimed, Universal continues to assert its entitlement to a judgment of $32,408.83, apparently based upon its supplement work performed in May of 2014. That assertion, however, lacks anything close to sufficient evidentiary support. The timesheets purport to show the number of hours worked by various employees, which the Court must simply assume are related to the Fort Meade project, but provide no hourly rate for any employee. The Court certainly could not enter judgment on Universal's behalf based upon this scant record.

Both motions will be denied. The Court will also schedule a telephone conference to set a date for the trial of this matter.

Accordingly, IT IS this 18th day of November, 2015, by the United States District Court for the District of Maryland, ORDERED:

(1) That Plaintiff Universal Contractors, Inc.'s Motion for Summary Judgment, ECF No. 20, is DENIED;

(2) That Defendant Commercial Interiors, Inc.'s Cross Motion for Summary Judgment, ECF No. 23, is DENIED;

(3) That a telephonic scheduling conference shall be held on Wednesday, December 2, 2015, at 10:00 a.m., to be initiated by counsel for Plaintiff; and

(4) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to counsel of record.

```
_____/s/_____
```
William M. Nickerson
Senior United States District Judge